UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-505-JDM

RONALD JOBE                                                                                              PLAINTIFF

V.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY                                      DEFENDANT

**MEMORANDUM OPINION**

The plaintiff, Ronald Jobe, filed this action pursuant to 42 U.S.C. §405(g), seeking judicial review of an administrative decision of the Commissioner of Social Security, who denied his application for disability insurance benefits (docket no. 1). Mr. Jobe asserts that the administrative law judge's findings were not supported by substantial evidence and must be overturned. After reviewing the parties' fact and law summaries (docket nos. 13 and 14) and the administrative record (docket no. 10), the court finds that Mr. Jobe's arguments are not persuasive. The court will affirm the decision of the Commissioner of Social Security.

**I.**

Mr. Jobe applied for disability insurance benefits in February 2010, alleging he became disabled in May 2009 due to depression, anxiety, back and knee problems, and the residual effects of hand surgery.[1] After his application was denied initially and on reconsideration, Mr. Jobe filed a request for a hearing before an administrative law judge ("ALJ"). The ALJ

---

[1] Admin. R. at 78, 133-34, 146.

conducted the hearing in November 16, 2011,[2] and then on January 10, 2012, issued a decision unfavorable to Mr. Jobe by determining that none of his impairments met or equaled a Listed Impairment and that he retained the residual functional capacity to perform routine, semi-skilled light work, with additional restrictions necessary to accommodate his physical and psychological impairments.[3]

Mr. Jobe timely appealed the administrative law judge's decision to the Appeals Council, which affirmed the decision of the ALJ. He then timely appealed to this court.

**II.**

In this appeal, Mr. Jobe does not dispute the validity of the ALJ's determinations with respect to his physical impairments. He makes only one brief argument: the ALJ failed to properly take into account the evidence regarding his psychological impairments by failing to afford proper weight to the opinions of the consultative examiner. With respect to Mr. Jobe's psychological symptoms, the ALJ determined:

> The claimant may have occasional contact with coworkers, supervisors and the general public. He is able to sustain concentration, persistence and pace for 2-hour periods and any changes in work routine and environment would be rare and gradually introduced.[4]

Mr. Jobe asserts that this assessment is not supported by the evidence. His argument, in its entirety is this:

> The residual functional capacity failed to take into account the evidence regarding Mr. Jobe's psychiatric conditions. The ALJ limited him to rare changes in the work routine, but found that he was able to be around coworkers and the general public on an

---

[2] Admin. R. at 22-67.
[3] Admin. R. at 11-18.
[4] Admin. R. at 14.

2

> occasional basis. The ALJ failed to consider Dr. Klem, the consultative examiner's evaluation that states that Mr. Jobe tend to decompensate under stress, becoming angry at those around him. However, the ALJ failed to limit Mr. Jobe to low stress work, nor did he limit Mr. Jobe to no work around the general public. The ALJ did not explain why he discredited the consultative examiner; he merely substituted his judgment for that of the doctor. [*Sic.*][5]

Mr. Jobe's argument lacks merit.

To begin with, the ALJ did not discredit the opinion of the consultative examiner; he gave it "great weight" and incorporated Dr. Klem's specific functional capacity assessments in the residual functional capacity determination.[6] Dr. Klem did *not* state that Mr. Jobe "tends" to decompensate under stress and become angry at those around him, or opine that Mr. Jobe must be limited to only low stress work with no interaction with the general public. Instead, he stated "When around people and under stress, the claimant *may* experience anger."[7] He also remarked that Mr. Jobe's current condition appeared to be stable,[8] and assessed him in the range of only moderately impaired.[9] Nowhere in his opinion did Dr. Klem limit Mr. Jobe to low stress work or proscribe work around the general public. Accordingly, a thorough review of Dr. Klem's report in comparison with the ALJ's decision reveals that the ALJ accurately reflected Dr. Klem's opinions and in no way substituted his judgment for that of the doctor.[10]

## III.

This court must affirm the conclusions of the Commissioner of Social Security unless the administrative law judge failed to apply the correct legal standards or made findings of fact

---

[5] *Sic erat scriptum.* Pl's Fact and Law Summ. at 9.
[6] *Compare* Admin. R. at 14, 16; *with* Admin. R. at 235-243.
[7] Admin. R. at 242-43.
[8] Admin. R. at 242.
[9] *Id.*
[10] *Compare* Admin. R. at 14-17; *with* Admin. R. at 235-243.

3

unsupported by substantial evidence in the record. 42 U.S.C. §405(g); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008)(defining "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (citing *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). The ALJ's findings as to Mr. Jobe's mental residual functional capacities are supported by substantial evidence and cannot be set aside under 42 U.S.C. § 405(g). The court will therefore enter an order affirming the decision of the Commissioner of Social Security.

DATE:


cc: counsel of record